TONY WILLIS on behalf of himself and the
HEIRS OF AMELIA VA, Appellants

v.

FAI'IVAE GALEA'I and FAI'IVAE FAMILY, TO'OMATA M.T.
TUITELE, CHIEFS OF LEONE VILLAGE, SUAPA'IA
ANETERE'A, PIO LE'OSO, SE'E LEOSO, SA'AGA LEVI
on behalf of himself and the HEIRS OF APELE LEVI,
WILLIAM AH KUOI, PAT N. GALEA'I, OLO LETULI,
SUAFO'A VELIO, PIO SAGOTE on behalf of himself and
the SAGOTE FAMILY, PULETU M. MEREDITH, TAELEIFI
MANE, MAUOLEFALE P. SALAVE'A, AVEGALIO FAMILY,
LE'ALAIALOA FAMILY, AIGAMAUA FAMILY, TAELEIFI A.
RIPLEY, FAILAUTUSI AVEGALIO, SU'A of the Village of
Auma, ETUALE and SONS of the village of Auma,
TUITELELEAPAGA NAPOLEONE, LUCY UO AH CHING,
EUGENE UO, EDWARD UO, EMILE UO for the UO FAMILY,
AMOS GALEA'I, and DOES I through XX, Appellees

High Court of American Samoa
Appellate Division

AP No. 8-89

August 15, 1989

Before CANBY,[*] Acting Associate Justice, THOMPSON,[**] Acting

---

[*] Honorable William C. Canby, Jr., Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

37

Associate Justice, TAUANU'U, Chief Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Appellants, Charles V. Ala'ilima
For Appellees Fai'ivae and family, Fai'ivae Galea'i
For Appellees Ah Kuoi, Uo, and Ah Ching, Gata E. Gurr
For Appellees Olo, Suafo'a, Avegalio, Lealaialoa, and
Aigamaua, Aitofele Sunia
For Appellee Tuiteleleapaga, Tautai A.F. Fa'alevao

Per Canby, J.:

This appeal is from a decision of the Land & Titles Division denying appellant Willis's application to register, on behalf of himself and others, a tract of land of approximately 297 acres. [*Willis v. Fai'ivae*, 10 A.S.R. 121 (1989). The survey offered by Willis is substantially identical to a survey involved in a land registration case decided in 1906, *To'omata v. People of Leone*, 1 A.S.R. 142 (1906).

The land, or part of it, has borne the name "Lega'oa," the "flat land," and is so denominated in the 1906 decision. Underlying the controversy now on appeal is one question: whether "Lega'oa" originally included land of the Leone valley all the way from the mountains to the sea, or whether "Lega'oa" referred only to a smaller tract of flat land between the Village of Leone and the mountains. Appellant Willis contends that "Lega'oa" was the larger tract, and that the 1906 decision referred only to the flat lands *within* the 297 acre survey. Those flat lands were approximately 60 acres in extent, of which the inland half was awarded to Willis's predecessors and cotenants.[1]

---

[**] Honorable David R. Thompson, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[1] The trial court also reviewed two other decisions. One was a decision of the Supreme Court of Samoa in 1895, dealing with a claim of Alfred Hunkin to certain lands within or near the lands in issue here. *Hunkin v. Iulio*, Rehearing of Claim No. 2791, Supreme Court of Samoa, decided September 10, 1895. Hunkin's claim had some bearing on the location of "Lega'oa." The second decision was one of the High Court in 1918, which held that the disputed lands that had been awarded to To'omata in the 1906 decision were held by him as Tuitele and by Tali and Amelia Va as cotenants with him. *Falesau v. Tuitele*, 1 A.S.R. 298 (1918).

Willis now argues that the trial court misinterpreted the 1906 decision, and incorrectly decided the boundaries of Lega'oa. We reject the contention. The trial court wrote an extensive and well-reasoned opinion in support of its order denying reconsideration, and we adopt its reasoning. We need not repeat the many considerations that led the trial court to conclude as it did. Prominent among them are the frequent references in the historical materials to Lega'oa as the "back lands" behind the Village of Leone; the lack of vigorous contention that would have attended the 1906 claim by Willis's predecessors had that claim included the Village of Leone; and testimony by Talamaivao at the 1906 trial that a tract called "Pugaloa" was the seaward boundary of Lega'oa.

The question of the extent of Lega'oa is one of fact. The trial court's resolution of that issue was not clearly erroneous. On the contrary, it was very well supported on the record. The trial court also correctly interpreted the 1906 decision in apportioning the flat lands. We therefore affirm its decision.

Appellant Willis raises an objection to the procedure of the trial court. The trial was bifurcated, without objection, and the first part of the trial was concerned with events occurring up to 1918. Willis put on his case and rested. Willis then testified at length in support of other plaintiffs, who then rested. At this point, the trial court concluded that plaintiffs could not establish their claim by a preponderance of the evidence, in the face of the documentary evidence to the contrary. The trial court accordingly dismissed the complaint of Willis and those sharing his interest.

Willis contends that the procedure of the trial court was unfair, and constituted a "rush to judgment." But Willis had an ample opportunity to present all of the evidence needed for his case in chief, and he rested. The trial court even assumed as true some evidence that Willis indicated that he would have offered in rebuttal. The meaning of the 1895, 1906, and 1918 court decisions was well supported in documents. There was no reason why the trial court was required to hear more evidence when plaintiffs' case in chief was insufficient to make out his claim. There was no unfairness and no error.

The judgment of the Land & Titles Division is AFFIRMED.